IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
**STATE OF TENNESSEE v. MURRIEL LAMAR LEE**

**Direct Appeal from the Criminal Court for Dyer County**
**No. C98-223    Lee Moore, Judge**

—————————

**No. W1999-01094-CCA-R3-CD - Decided May 30, 2000**

—————————

Defendant appeals his convictions on two counts of selling cocaine in an amount in excess of .5 grams, and one count of selling cocaine in an amount less than .5 grams.  He alleges the trial court erred by permitting state witnesses to read from notes that were in their possession at the time they testified.  This court has reviewed the record of the case and affirms the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**
OGLE, J. delivered the opinion of the court, in which WADE, P.J, AND WILLIAMS, J. joined.

Jim W. Horner, Public Defender; H. Tod Taylor, Assistant Public Defender (Trial); C. Michael Robbins (Appeal), Memphis, Tennessee, for the appellant, Murriel Lamar Lee.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The Dyersburg Police Department set up a sting operation for persons involved in the sale of illegal drugs.  During February 1999, undercover police officers purchased cocaine from the defendant on three separate occasions; February 10, February 13, and February 24.  Defendant was subsequently charged and convicted on two counts of selling cocaine in an amount in excess of .5 grams, and one count of selling cocaine in an amount less than .5 grams.  The defendant was sentenced as a Range II multiple offender to two terms of seventeen years for selling cocaine in an amount in excess of .5 grams, and eight years for selling cocaine in an amount less than .5 grams. The court further stipulated that these sentences were to be served concurrently with each other, and consecutively to any prior sentences not yet served.  In this appeal as of right, defendant's sole contention is that the trial court erred by permitting two state witnesses to testify by reading from notes taken to the witness stand.

## ANALYSIS

### A. Forensic Scientist's Testimony

Defendant contends that the trial court erred when it permitted the forensic scientist, who identified the controlled substances as cocaine, to testify using notes that were in the witness's possession when she took the witness stand. The trial court ruled that the witness could use her notes to refresh her recollection if the proper foundation were laid. The ruling was proper under Tenn. R. Evid. 612. However, under Tenn. R. Evid. 612, the writing should be removed from the witness once it has been used to refresh the witness's recollection. *See* State v. Dishman, 915 S.W.2d 458, 461 (Tenn. Crim. App. 1995). There is no such requirement under the recorded recollection exception to the hearsay rule. *See* Tenn. R. Evid. 803(5).

Unfortunately, the record does not reveal the extent, if any, to which the witness actually used her notes to testify. She testified at length with regard to the testing procedures, and there was no further objection relating to the use of notes. We also note that the actual crime laboratory reports were introduced without objection as exhibits to the forensic scientist's testimony. These reports reveal two cocaine samples weighing .7 grams and one cocaine sample weighing .3 grams. Thus, defense has failed to establish a violation of the rules of evidence, and has further failed to establish prejudice as a result of the trial court's ruling. We need not address the issue of whether the notes were properly used under the recorded recollection exception to the hearsay rule. *See* Tenn. R. Evid. 803(5).

### B. Officer's Testimony

The defendant contends that the trial court erred when it permitted a police officer to testify using records in his possession when he took the witness stand. The officer supervised the undercover agents and monitored all three sales of cocaine. His testimony consisted of approximately 40 pages of transcript and detailed the circumstances of each sale. There was only one objection by defense counsel relating to the use of the notes. The question drawing the objection was whether the officer was able to "hear" what appeared to be a drug transaction. Again, the trial court ruled that the witness could use his notes to refresh his recollection. The officer then stated that he could hear what appeared to be a drug transaction. It is unclear whether he relied upon his notes to make this response. Again, just as in the testimony of the forensic scientist, defendant has failed to establish in the record that there was a violation of the rules of evidence. As to other times in the officer's testimony when he allegedly referred to his notes, the failure to make a contemporaneous objection waives this issue. Tenn. R. App. P. 36(A); State v. Killebrew, 760 S.W.2d 228, 235 (Tenn. Crim. App. 1988).

## CONCLUSION

The judgment of the trial court is affirmed.